**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN HERNANDEZ-REYES, AKA
Manuel Beltran Hernandez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-73289

Agency No. A073-841-737

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:      CANBY, GRABER, and MURGUIA, Circuit Judges.

Martin Hernandez-Reyes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") grant of the Department of Homeland

Security's ("DHS") motion to reconsider reopening of removal proceedings. Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or to reconsider. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in granting DHS' motion to reconsider, because the motion showed errors of fact underlying the basis of the IJ's grant of Hernandez-Reyes's motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the [IJ]'s prior decision and shall be supported by pertinent authority."); *Theagene v. Gonzales*, 411 F.3d 1107, 1112 (9th Cir. 2005) (holding the BIA acted within its discretion in granting the government's motion to reconsider, because the motion properly stated a perceived error in law the BIA committed in reversing the IJ).

We lack jurisdiction to review the BIA's denial of reopening as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). We are not persuaded by Hernandez-Reyes's contention that the BIA was required to separately address his request for a discretionary grant of sua sponte reopening. Because the discretionary denial is dispositive, we need not address Hernandez-Reyes's contentions regarding timeliness or whether his 1997 removal proceedings amounted to a gross miscarriage of justice. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the

2

decision of which is unnecessary to the results).

We lack jurisdiction to consider Hernandez-Reyes's unexhausted contention that the IJ erred in not applying the modified categorical approach as to his 1997 conviction. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**